UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TANYA BASSETT PHIPPS,
PLAINTIFF

VS.

JOHN E. POTTER,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE, ET AL.,
DEFENDANTS

CASE NO. 1:08CV736
(SPIEGEL, J.)
(HOGAN, M.J.)

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed three documents, the totality of which we take to be her Complaint against Postmaster General Potter and the United States Department of Labor in December, 2008. Plaintiff alleges that she is a black female who was employed by the United States Postal Service in 1988 and eventually terminated in 2001. Plaintiff alleges that she suffered a work-related injury to her right knee in July, 1990. She alleges that a physician restricted her work hours in April, 1995, and that she notified her employer of that fact. She alleges that her employer refused to modify her hours or otherwise accommodate her by either promoting her, or acting favorably on other positions for which she applied. She alleges that she was absent from duty from April, 1997, until the date she was terminated in 2001. The Department of Labor is charged with knowing about Plaintiff's condition and conspiring with the Postal Service to deny her an accommodation. It is alleged that disability status and race were the motivating factors for Defendants' decisions. We conclude that her federal claims thus far are for race and disability discrimination and for retaliation.

Plaintiff also alleges that she was entitled to share in a fund resulting from the settlement in a class action case, referred to as Glover/Albrecht. Plaintiff apparently objected to the terms of the settlement, but the EEOC approved it, thus terminating Plaintiff's opportunity for an administrative appeal. Her Complaint in this Court seeks a modification of the amount awarded her under the

settlement.

It also appears that Plaintiff has made a claim for compensation as a result of various injuries suffered while she was an employee of the Postal Service and within the scope of her employment.

In response to these claims, Defendant has filed a Motion to Dismiss. Pending before the Court are Defendants' Motion, Plaintiff's Memorandum in Opposition, Defendants' Reply, and Plaintiff's Supplemental Memorandum Opposing the Motion to Dismiss. (Docs. 14, 17, 18, 19).

## APPLICABLE LAW

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89 (2007) (citations omitted). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). A pro se litigant is entitled to have her complaint construed liberally. *Conley v. Gibson,* 355 U.S. 45 (1957). However, once a claim has been stated adequately, it requires more than labels conclusions, or a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). *See also Papasan v. Allain,* 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405-06 (6th Cir.1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir.1997) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993)). According to *Twombly, supra,* a complaint's factual allegations must be enough to raise a right to relief above the speculative level. While the complaint need not contain "heightened fact pleading of specifics," to survive a motion to dismiss it must provide "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555-56..

# THE DISCRIMINATION CLAIMS

Defendants argue that under EEOC regulations, a federal employee must initiate contact with a counselor within 45 days of the date of the matter alleged to be discriminatory, or in the event of a personnel action, within 45 days of the effective date of the action. 29 C.F.R. § 1614.105(a)(1). Federal law requires a federal employee to file a civil suit within 90 days of receipt of a decision from the EEOC, or a final agency decision. 42 U.S.C. § 2000e-16(c).

Case law requires that the case be dismissed in the event that the employee fails to comply with the deadline, unless either estoppel or the doctrine of equitable tolling applies. *Brown v. General Services Administration*, 425 U.S. 820 (1976). No estoppel argument has been advanced.

Plaintiff's rationale for the application of equitable tolling is that "I just found these papers that my husband had in an old file drawer." Although the list is not exclusive, the Sixth Circuit directed lower courts to examine four factors when determining the applicability of equitable tolling: (1) whether a plaintiff had actual or constructive notice of the time restraint, (2) the degree of diligence exerted in pursuing plaintiff's rights, (3) the degree of prejudice to defendant, and (4) the reasonableness of plaintiff's ignorance of the time restraint. *Steiner v. Henderson*, 354 F.3d 432 (6th Cir. 2003). None of these factors favor Plaintiff. All that might be said in reference to the third factor is that by not pursuing these claims in a timely manner, Plaintiff has both prejudiced her own case, as well as the Defendants' defense of same, by allowing years to pass between the alleged date of the harmful act or acts and the filing of her Complaint.

To the extent that failure to promote is a basis for the alleged discriminatory act or acts, the Glover/Albrecht settlement could have tolled the time limits for claims accruing prior to the date the Glover/Albrecht complaint was filed. None of Plaintiff's claims relating to Glover/Albrecht accrued prior to 1998, when Glover/Albrecht was filed, and it is clear that time-barred claims are not revived by the filing of a class action complaint. *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429 (D.C. Cir. 1976). Thus, we must conclude that Plaintiff's claims for race and disability discrimination and retaliation are time-barred and should be dismissed.

## CLAIMS ARISING FROM THE GLOVER/ALBRECHT SETTLEMENT

Plaintiff seems to allege that she is dissatisfied with the Glover/Albrecht settlement and the manner in which she was represented, or claims the right to a portion of certain unclaimed funds. Defendants assert that the Court lacks subject matter jurisdiction to enforce Plaintiff's version of what the settlement should have been because EEOC regulations provide that the Plaintiff's remedy, after notice to the EEOC has been provided, is implementation of the settlement agreement or reinstatement of the Complaint. The remedy sought by Plaintiff, enforcement of the settlement in accordance with her subjective beliefs, is unauthorized by EEOC regulations. *See* 29 C.F.R.§ 1614.504(a) and *Frahm v. O'Neill*, 492 F.3d 258 (4th Cir. 2007). The Court does lack jurisdiction to enforce the settlement agreement in the manner requested by Plaintiff.

## CLAIMS FOR COMPENSATION BECAUSE OF WORK-RELATED INJURIES

In various places in her three-document Complaint, Plaintiff alleges that:
- Sometime in 1990, Plaintiff was hurt and began to experience pain in her leg or legs, hands, a shoulder, neck, chest and her upper extremities.
- On July 12, 1990, she injured her right knee and was transported to in a cab to Good Samaritan Hospital.
- On June 11, 1991, she experienced pain in her right hand.
- On November 6, 1995, she began to experience pain in both hands and in her right shoulder.
- At some point during her employment, Plaintiff says that she developed arthritis, fibromyalgia, lumbar spondylosis and a variety of other maladies. Whether or not these conditions were work-related, one cannot tell. In any event, Plaintiff states that she has not worked since 1997.
- She sustained some type of injury on April 19, 1997.

Defendants argue that if these injuries or impairments were work-related, and at least one of these injuries clearly was, Plaintiff's remedy was to file a claim under the Federal Employees' Compensation Act, 5 U.S.C.§ 8101, et seq., and that this Court lacks jurisdiction to review determinations made pursuant to that Act. 5 U.S.C. § 8128(b). Plaintiff cites no authority to the

contrary.

## THE DEPARTMENT OF LABOR

We read Plaintiff's Complaint to say that both the Postal Service and the Department of Labor conspired to deny her a reasonable accommodation because of her impairments, work-related or not. These claims would arise under Title VII of the Civil Rights Act or the Rehabilitation Act and require an employee-employer relationship for liability to attach. It is clear that Plaintiff was employed by the Postal Service and was never employed by the Department of Labor. The Department's connection with this case is that it administered and finally adjudicated her claims for compensation under the Federal Employees' Compensation Act. As such, no employment relationship existed. Plaintiff's claims against the Department of Labor should be dismissed. In addition, to the extent that plaintiff alleges conspiracy claims against the Postal Service, her Complaint fails to include the requisite specificity to survive a motion to dismiss. *See* Fed. R. Civ. P. 9.

## STATE LAW CLAIMS

Both parties say that Plaintiff has alleged "state law claims." Defendants argue that Plaintiff's "state law claims," which neither they nor she elaborate upon, should be dismissed because of sovereign immunity. Our reading of the various documents comprising Plaintiff's Complaint would indicate that her "state law" claims against the Postal Service may be for unlawful termination and/or breach of contract. We have not been cited to any authority holding that the Postal Service has waived sovereign immunity with respect to these claims, nor have we found any. Therefore, Plaintiff's "state law claims" should be dismissed.

## CONCLUSION

Plaintiff is proceeding pro se and is entitled to a liberal construction of her allegations because she has no legal help. *Gadberry v. Bethesda, Inc.*, 608 F. Supp.2d 916, 918-919 (S.D. Ohio

2009). nevertheless, construing plaintiff's allegations in the most liberal manner, her claims do not rise above the speculative at best and therefore do not entitle her to any relief. *Twombly,* 550 U.S. 555-56. Therefore, Defendants' Rule 12(b)(6) Motion should be granted and this case dismissed from the docket of the Court.

September 29, 2009

/s/ Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TANYA BASSETT PHIPPS, <br> PLAINTIFF <br><br> VS. <br><br> JOHN E. POTTER, <br> POSTMASTER GENERAL, <br> UNITED STATES POSTAL SERVICE, ET AL., <br> DEFENDANTS | CASE NO. 1:08CV736 <br> (SPIEGEL, J.) <br> (HOGAN, M.J.) |

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 9/30/09 . Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Tanya M. Bassett Phipps<br>11809 Ashmore Court<br>Cincinnati, OH 45246 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4537 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-02-M-1540 |

1:08cv736 (Doc. 22)