UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TANYA BASSET PHIPPS, | : | NO. 1:08-CV-00736 |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, et al., | : | |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's September 30, 2009, Report and Recommendation (doc. 22), Plaintiff's Response in Opposition (doc. 25), Defendants' Response to Plaintiff's Objections (doc. 26), and Plaintiff's Supplemental Response in Opposition (doc. 27). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, and DISMISSES this matter from the Court's docket.

**I. Background**

Plaintiff, proceeding pro se, is a former employee of the United States Postal Service ("USPS"), having worked for USPS from 1988 until her employment was terminated in 2001 (doc. 22). Plaintiff filed her Complaint on October 20, 2008 (doc. 1), an Amended Complaint on December 4, 2008 (doc. 8), and a second Amended Complaint on December 8, 2008 (doc. 10) (collectively, "the

Complaint") against Postmaster General Potter and the United States Department of Labor. Plaintiff contends that she sustained a work-related injury to her knee in July 1990; a physician restricted her work hours in April 1995; she notified USPS of these facts; and USPS refused to modify her hours or otherwise accommodate her (doc. 22). Plaintiff, an African American woman, avers that, in making these decisions, USPS engaged in race and disability discrimination and retaliation (Id.). Plaintiff also claims that she was entitled to a portion of funds from the settlement in a class action case, referred to as Glover/Albrecht (Id.). Plaintiff seeks a modification to the amount awarded to her in that case (Id.). In addition, she seeks compensation for injuries she claims to have suffered while employed by USPS and within the scope of her employment (Id.). Defendants moved the Court to dismiss Plaintiff's Complaint (doc. 14).

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge found that Defendants' Motion to Dismiss should be granted in its entirety because Plaintiff's claims "do not rise above the speculative at best and therefore do not entitle her to any relief" (doc. 22, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Magistrate Judge noted that Equal Employment Opportunity Commission ("EEOC") regulations require federal employees to pursue claims within specified deadlines, and Plaintiff failed to meet the time requirements

(Id.).  He further noted that, when the employee fails to meet the deadlines, the case must be dismissed unless either estoppel or the doctrine of equitable tolling applies (Id., citing Brown v. General Services Administration, 425 U.S. 820 (1976)).  The Magistrate Judge noted that Plaintiff did not assert an estoppel argument.  He then found that Plaintiff's rationale for equitable tolling ("I just found these papers that my husband had in an old file drawer") failed under the factors as set forth by the Sixth Circuit for evaluating the applicability of equitable tolling (Id., citing Steiner v. Henderson, 354 F.3d 432 (6th Cir. 2003)).  Thus, the Magistrate Judge found that Plaintiff's claims for race and disability discrimination are time-barred and recommended they be dismissed (Id.).

Regarding Plaintiff's claim with respect to the Glover/Albrecht settlement, the Magistrate Judge noted that Plaintiff expressed dissatisfaction with the amount of the settlement and her representation in the case and/or she claims the right to a portion of unclaimed funds (Id.).  The Magistrate Judge, however, was persuaded by Defendants' argument that the Court lacks subject matter jurisdiction to enforce Plaintiff's idea of what the settlement should have been because EEOC regulations provide that Plaintiff's remedy, after giving proper notice to the EEOC, is either implementation of the settlement agreement or reinstatement of the Complaint (Id.).  The Magistrate Judge found that the remedy

sought by Plaintiff, which he construed to be enforcement of the settlement agreement according to Plaintiff's dictates, was simply not authorized by EEOC regulations (Id., citing 29 C.F.R. § 1614.504(a); Frahm v. O'Neill, 492 F.3d 258 (4th Cir. 2007)). Therefore, the Magistrate Judge found that the Court lacked jurisdiction to enforce the settlement agreement as requested by Plaintiff (Id.).

Plaintiff's Complaint also contains claims for compensation for work-related injuries (Id.). The Magistrate Judge found persuasive Defendants' argument that if the alleged impairments or injuries were work-related, Plaintiff's remedy was a claim under the Federal Employees' Compensation Act, 5 U.S.C. § 8101, et seq., and this Court lacks jurisdiction to review determinations pursuant to that Act (Id., citing 5 U.S.C. § 8128(b)).

The Magistrate Judge read Plaintiff's Complaint to say that USPS and the Department of Labor conspired to deny her reasonable accommodation because of her impairments (Id.). The Magistrate Judge noted that these discrimination claims would arise under Title VII of the Civil Rights Act or the Rehabilitation Act, which require an employee-employer relationship for liability to attach (Id.). The USPS employed Plaintiff, but the Department of Labor never did; therefore, the Magistrate Judge recommended that claims against the Department of Labor be dismissed (Id.). The

Magistrate Judge also recommended that Plaintiff's claims of conspiracy against USPS be dismissed, as the Complaint does not contain the required specificity to survive a motion to dismiss (Id.). Further, the Magistrate Judge observed that both parties argue that Plaintiff asserts "state law claims" (Id.). While neither party clarified this further, the Magistrate Judge opined that Plaintiff's state law claims could possibly be for breach of contract and/or unlawful termination (Id.). The Magistrate Judge found persuasive Defendants' argument, to which Plaintiff cited no contrary authority, that Plaintiff's claims should be dismissed because of sovereign immunity (Id.). He therefore recommended that Plaintiff's claims be dismissed (Id.).

**III. The Parties' Responses to the Report and Recommendation**

In her response entitled "Written Motion for Review" (doc. 25), Plaintiff reiterates her arguments contained in Plaintiff's Memorandum in Opposition of Defendant's Motion to Dismiss (doc. 17) and Plaintiff's Supplemental Memorandum Opposing the Motion to Dismiss (doc. 19). Plaintiff specifically requests that the Court appoint counsel for her, and she alleges that USPS and the Department of Labor conspired with her doctors to force her to return to work when she was actually disabled (doc. 25). Plaintiff argues that the Magistrate Judge committed "error" in finding a lack of jurisdiction for Plaintiff's claims regarding the Glover/Albrecht settlement and the alleged work-related injuries

(Id.). Plaintiff argues that the Court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff" (Id.).

In response to Plaintiff's claims, Defendants argue that Plaintiff ignores the authority cited in the Magistrate Judge's Report and Recommendation (doc. 22) and instead cites several inapplicable and irrelevant statues (doc. 26). Additionally, Defendants argue that Plaintiff's claims concerning the ADA are many years late (Id.). Defendants allege that Plaintiff does not address the following factors concerning dismissal of her Complaint: the Court does not have jurisdiction under the Glover/Albrecht settlement to provide additional relief to Plaintiff (Id., citing Frahm v. O'Neill, 492 F.3d 258 (4th Cir. 2007)); the Plaintiff failed to exhaust her applicable administrative remedies (Id., citing Brown v. General Services Administration, 426 U.S. 820 (1976)); equitable tolling is not applicable to the Plaintiff's failure to timely exhaust those remedies (Id., citing Steiner v. Henderson, 354 F.3d 432, 435 (6th Cir. 2003)); time-barred claims are not revived by filing a class action complaint (Id., citing Laffey v. Northwest Airlines, Inc., 567 F.2d 429, 472 (D.C. Cir. 1976)); FECA was Plaintiff's exclusive remedy for job-related injuries, and this Court does not have the authority to review determinations made under that Act (Id., citing

5. U.S.C. § 8128(b)); and USPS has not waived sovereign immunity for state claims (Id., citing United States v. Sherwood, 312 U.S. 584, 586 (1941). Defendants also note that Plaintiff does not address the Magistrate Judge's finding that Plaintiff has no cause of action against the Department of Labor for lack of an employer-employee relationship (Id.).

In response to Defendants' arguments, Plaintiff filed a "Motion to review with jury demand" (doc. 27). There, Plaintiff argues that this Court has proper subject matter jurisdiction over the discrimination and retaliation claims because they constitute "constitutional violations" (Id.). Plaintiff further alleges that "joint processing and consolidation of complaints" establishes that jurisdiction is proper in this Court for the Glover/Albrecht settlement (Id.).

**IV. Discussion**

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thoughtful, well-reasoned, thorough, and correct. The Court does not take Plaintiff's concerns lightly but does not find her objections to the Magistrate Judge's Report and Recommendation to be persuasive. The Court addresses her objections below.

Plaintiff again requests that the Court appoint an attorney to represent her (doc. 27). As the Magistrate Judge noted in his Order of January 9, 2009, Plaintiff is not entitled to

court-appointed counsel for this case (doc. 13). The appointment of an attorney is not constitutionally required for civil rights cases. Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). While courts may in some instances nonetheless appoint counsel to such cases, exceptional circumstances must be present to justify such action. Id. As the Magistrate Judge correctly found, Plaintiff's claims are not exceptional–they are instead straight-forward discrimination claims, and she has proved herself quite capable of adequately representing herself in this matter. Her request for an appointed attorney is noted but denied.

In addition, Plaintiff asserts that this Court has jurisdiction to hear her claims because she is alleging that her constitutional due process rights were violated by the Department of Labor when her workers' compensation benefits were terminated (doc. 27). While Plaintiff is correct that constitutional claims are not foreclosed by the jurisdictional provisions of the Federal Employees' Compensation Act, 5 U.S.C. § 8101, et seq., Plaintiff does not raise a valid constitutional claim. Instead, her claims related to workers' compensation and the Department of Labor involve allegations of disability discrimination, including a failure to provide her with reasonable accommodations (docs. 10 and 17). In fact, she expressly states that she is suing the Department of Labor under the ADA or the Rehabilitation Act "for denial of benefits by reasons of such disability" (doc. 17). It is

in her fourth response to Defendants' Motion to Dismiss that she claims to be alleging a violation of due process with respect to the Department of Labor's denial of benefits (doc. 27). A conclusory statement made in a responsive document is simply insufficient to defeat a motion to dismiss. To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009). On this issue, Plaintiff has presented only conclusory statements and no factual allegations that support a due process or other constitutional claim against Defendants. Therefore, to the extent Plaintiff seeks review of the Department of Labor's denial of workers' compensation benefits, such review by this Court is not permitted by the Federal Employees' Compensation Act, and to the extent she seeks review based on the federal constitution, she has not alleged facts to support such a claim and it does not survive Defendants' Motion to Dismiss.

Plaintiff does not provide a legal basis for her objection to the Magistrate Judge's finding that her discrimination

claims are time-barred, but, instead, cites to the various statutes under which she seeks to bring her claims (doc. 25). Claims under these statutes, however, must be brought in the time frame allowed, and Plaintiff's claims are simply brought years too late to federal court. See 42 U.S.C. §2000e-16(c)(employee must file suit within 90 days of receipt of EEOC decision or final agency decision). In her objections to the Magistrate Judge's Report and Recommendation, she claims that she was "induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass," and she argues that, as a result of those "circumstances beyond [her] control" her claims should be equitably tolled (doc. 25). However, Plaintiff has simply not offered facts that in any way support a finding that she was "induced or tricked" or that her claims otherwise should be equitably tolled. Consequently, these claims do not survive Defendants' Motion to Dismiss.

Regarding Plaintiff's state law claims of breach of contract against the Department of Labor and unlawful termination from the USPS, such claims are not properly brought unless the federal agencies have waived sovereign immunity and consented to being sued. See FDIC v. Meyer, 510 U.S. 471 (1994)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). As the Magistrate Judge correctly observed, nothing in the record indicates that either the USPS or the Department of Labor waived sovereign immunity and gave consent to

be sued (doc. 22). Consequently, these claims cannot survive a motion to dismiss.

Finally, Plaintiff objects to the Magistrate Judge's Report and Recommendation regarding the Glover/Albrecht settlement, suggesting that she is entitled to more money from the settlement agreement and that she is unhappy with the class representation (docs. 17, 25 and 27). The Court construes this objection and the initial claim as being an attempt to reopen the settlement agreement or to otherwise have it enforced according to terms more acceptable to Plaintiff. It appears as though Plaintiff did file an objection with the EEOC, arguing that her proposed settlement share was inadequate, that the provisions for the treatment of unclaimed funds were objectionable and arguing that she should have been named class representative; when the EEOC approved the settlement over her objections, it appears that she appealed and then timely filed a request for reconsideration (doc. 1). She then filed the instant suit after her request was denied.

However, the Court has no power to tinker with or undo the Glover/Albrecht agreement merely because it is not to Plaintiff's liking. Neither does the Court have the power to award her additional relief under the agreement. See, e.g., Dellinger v. Potter, 2009 WL 2243834 (S.D. Ohio 2009)(because plaintiff was asking for more relief than the EEOC believed she was due, plaintiff was not entitled to bring enforcement action)(citing

Timmons v. White, 314 F.3d 1229, 1232 (10th Cir. 2003)(finding that plaintiff not entitled to enforcement action where he sought more relief than the EEOC awarded)).

The Court notes that the Magistrate Judge construed Plaintiff's Glover/Albrecht claim to be an allegation of breach of the settlement agreement, and found that the Court lacked jurisdiction to adjudicate an alleged breach of the agreement (doc. 22, citing 29 C.F.R. §1614.504 and Frahm v. United States, 492 F.3d 258, 262-63 (4th Cir. 2007). To the extent that is the basis of Plaintiff's claim, the Court finds that it is without jurisdiction to hear the claim. Cf. Lee v. Runyon, 18 F.Supp.2d 649, 653 (E.D. Tex. 1998)(finding jurisdiction to review a settlement agreement in a Title VII case against the Postal Service where, in accordance with Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994), the settlement agreement provided that the district court retained jurisdiction to enforce the agreement). See also Petrie v. Secretary, Dept. of Veterans Affairs, 2009 WL 366628 (S.D. Ohio 2009)(holding that the statutory waiver of immunity in Title VII for discrimination suits against the federal government does not extend to a suit against the government for breach of a settlement agreement settling such claims). In any event, Plaintiff does not allege facts that would support an allegation of breach of the agreement, as disagreement with the terms or a contention that she should have been selected as class

representative cannot be reasonably construed as proof of breach of the agreement. Therefore, even if this Court were to have jurisdiction to hear Plaintiff's Glover/Albrecht claim as a breach of the agreement, the claim would fail to survive Defendants' Motion to Dismiss. See Twombly, 550 U.S. 544.

**V. Conclusion**

Plaintiff is proceeding pro se, and, as such, she is entitled to a liberal construction of her pleadings. Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999)(citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, even construing Plaintiff's allegations in a liberal manner, this Court, having thoroughly reviewed this matter de novo, finds that Plaintiff's claims fail to rise to the requisite level in order to survive Rule 12(b)(6) dismissal. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 22), GRANTS Defendants' Motion to Dismiss (doc. 14), and DISMISSES this matter from the Court's docket.

SO ORDERED.

Dated: February 2, 2010 /s/ S. Arthur Spiegel

S. Arthur Spiegel
United States Senior District Judge